UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | **Filed Under Seal** |
| Plaintiff, | |
| v. | **Case No. Civil 23-4848** |
| SAMUEL JAMES SMITH, also d/b/a Weblio, a/k/a Weblio Squeeze, | |
| ROBERT WILLIAM SHAFER, also d/b/a Shafer MM&I, a/k/a MMI, | |
| CHARLES JOSEPH GARIS, JR., individually and as an owner, officer, and/or manager of Business Revolution Group Inc., and also d/b/a Joe Gaines, and | |
| BUSINESS REVOLUTION GROUP INC., a Pennsylvania Corporation, also d/b/a Joe Gaines, | |
| Defendants. | |

## EX PARTE TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, AND  OTHER EQUITABLE RELIEF, WITH ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, the Federal Trade Commission, has filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, (Docket No. 23-4848), and has moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants Samuel James Smith (also d/b/a

Weblio, a/k/a Weblio Squeeze), Robert William Shafer (also d/b/a Shafer MM&I, a/k/a MMI), Charles Joseph Garis, Jr. (also d/b/a Joe Gaines), and Business Revolution Group Inc. (also d/b/a Joe Gaines).  (ECF 3.)

## PRELIMINARY FINDINGS OF FACT

The Court, having considered the Complaint, the Motion for a Temporary Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds a substantial evidentiary basis on which to make the following provisional findings in support of *ex parte* relief:

A.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.      Defendants operate an online enterprise that offers a purported business or money-making opportunity to the public.  Defendants falsely claim that if consumers buy a membership in their business or money-making opportunity, they will earn large sums of money in short periods of time with little to no effort.  With membership in their business or money-making opportunity, Defendants say, consumers should prepare to "make more money every month than most people make in an entire year."

C.      Defendants market and sell memberships in their business or money-making opportunity through telemarketing and other means.

D.      In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of their business or money-making opportunity, Defendants have: (1) made false or unsubstantiated earnings claims and (2) provided the means and instrumentalities for the commission of deceptive acts or practices in or affecting commerce, as "commerce" is

defined in Section 4 of the FTC Act, 15 U.S.C. 44, including the making of false or unsubstantiated earnings claims.

E.      In numerous instances, in connection with telemarketing related to the advertising, marketing, promotion, offering for sale, or sale of their business or money-making opportunity, Defendants have: (1) made false or misleading statements regarding past, present, or future sales or earnings to induce consumers to pay for their goods and services and (2) misrepresented, directly or by implication, material aspects of an Investment Opportunity (as defined *infra*), including risk, liquidity, earnings potential, or profitability.

F.      In numerous instances, in connection with telemarketing related to the advertising, marketing, promotion, offering for sale, or sale of Defendants' business or money-making opportunity, Defendants Shafer, Garis, and Business Revolution Group have engaged in initiating or causing the initiation of Outbound Telephone Calls (as defined *infra*) that deliver prerecorded messages to induce the sale of Defendants' goods and services.

G.      There is good cause to believe that Defendants have taken at least $7 million from consumers in connection with their unlawful acts or practices.

H.      There is good cause to believe that all Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Sections 310.3(a)(4) and 310.3(a)(2)(vi) of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, an FTC Trade Regulation, and that Plaintiff is therefore likely to prevail on the merits of Counts I through IV of its Complaint.  As demonstrated by consumer declarations, a declaration of the FTC's investigator, transcripts of phone calls, voicemails, and marketing videos, and other documentation filed by the FTC, the FTC has established a likelihood of success in showing that Defendants have (1) made material misrepresentations in the promotion

3

and sale of their business or money-making opportunity to consumers through telemarketing and other means, including that consumers are likely to earn substantial amounts of money if they buy a membership in the business or money-making opportunity, and (2) provided the means and instrumentalities for the commission of deceptive acts or practices in the promotion and sale of their business or money-making opportunity.

I.      There is good cause to believe that Defendants Shafer, Garis, and Business Revolution Group have engaged in and are likely to engage in acts or practices that violate Section 310.4(b)(1)(v) of the TSR, 16 C.F.R. Part 310, and that Plaintiff is therefore likely to prevail on the merits of Count V of its Complaint.  As demonstrated by consumer declarations, a declaration of the FTC's investigator, transcripts of phone calls, voicemails, and marketing videos, and other documentation filed by the FTC, the FTC has established a likelihood of success in showing that Defendants Shafer, Garis, and Business Revolution Group have engaged in initiating or causing the initiation of Outbound Telephone Calls (as defined *infra*) that deliver prerecorded messages to induce the sale of Defendants' business or money-making opportunity.

J.      There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act and TSR unless Defendants are restrained and enjoined by order of this Court.

K.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including monetary restitution, rescission, or refunds—will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court; and that, in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants.

Thus, there is good cause for relieving Plaintiff of the duty to provide Defendants with prior notice of its Motion for a Temporary Restraining Order.

L.      Good cause exists for freezing Defendants' assets, requiring Defendants to turnover business records to the Plaintiff, and permitting the Plaintiff to take expedited discovery.

M.      Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, turnover of business records, expedited discovery, and other equitable relief is in the public interest.

N.      This Court has authority to issue this Order pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. § 53(b) and 57b; Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

O.      No security is required of any agency of the United States for issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.      "**Corporate Defendant**" means Business Revolution Group Inc., also d/b/a Joe Gaines, and each of its subsidiaries, affiliates, successors, and assigns.

C.      "**Garis Defendants**" means the Corporate Defendant and Charles Joseph Garis, Jr., also d/b/a Joe Gaines.

D.     "**Defendants**" means the Garis Defendants, Samuel James Smith, also d/b/a Weblio, a/k/a Weblio Squeeze, and Robert William Shafer, also d/b/a Shafer MM&I, a/k/a MMI, individually, collectively, or in any combination.

E.     "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

F.     "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.  This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

G.     "**Individual Defendants**" means Charles Joseph Garis, Jr., also d/b/a Joe Gaines, Samuel James Smith, also d/b/a Weblio, a/k/a Weblio Squeeze, and Robert William Shafer, also d/b/a Shafer MM&I, a/k/a MMI, individually, collectively, or in any combination.

H.     "**Investment Opportunity**" means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

I.     "**Outbound Telephone Call**" means a call initiated by a Telemarketer to induce the purchase of goods or services.

J.     "**Ringless Voicemails**" means a prerecorded message delivered to consumers by calling their phone numbers in a way that typically does not cause their phones to ring and does not give consumers the opportunity to answer or block the incoming message.

K.     "**Seller**" means any person who, in connection with a Telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration.

L.     "**Telemarketer**" means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer.

M.     "**Telemarketing**" means any plan, program, or campaign that is conducted to induce the purchase of goods or services by use of one or more telephone calls.

## ORDER

### I.     PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, including any business or money-making opportunity, are temporarily restrained and enjoined from:

A.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to, misrepresenting:

    1.    That consumers who purchase Defendants' purported business or money-making opportunity will earn or are likely to earn substantial income; and

    2.    Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

B.    Providing, or arranging for others to provide, advertising or marketing materials or services to be used in recruiting consumers to buy, invest in, or otherwise join any business or money-making opportunity when those materials or services contain or facilitate the dissemination of false or misleading representations.

## II.    PROHIBITION REGARDING TELEMARKETING

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Telemarketing of any good or service, including any business or money-making opportunity, are hereby temporarily restrained and enjoined from:

A.    Initiating, or causing others to initiate, an Outbound Telephone Call:

    1.    That makes a false or misleading statement to induce any person to pay for goods or services;

    2.    That misrepresents, directly or by implication, any material aspect of an Investment Opportunity including, but not limited to, risk, liquidity, earnings potential, or profitability; and

3.      That delivers a prerecorded message, including a Ringless Voicemail, to induce the sale of goods or services.

B.      Violating any provision of the TSR, 16 C.F.R. Part 310, appended hereto as Attachment A.

### III.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.      Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings, or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in this action.

## IV.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

1.    owned or controlled, directly or indirectly, by any Defendant;

2.    held, in part or in whole, for the benefit of any Defendant;

3.    in the actual or constructive possession of any Defendant; or

4.    owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Defendant.

B.    Opening or causing to be opened any safe deposit boxes, commercial mailboxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant;

C.    Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of the Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.     Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.  This Section does not prohibit repatriation of foreign Assets specifically required by this order.

**V.     DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that has been owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

(b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or

11

(c) has extended credit to any Defendant, including through a credit card account, shall:

A.      Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; provided, however, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.      Deny any person access to any safe deposit box, commercial mailbox, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C.      Provide Plaintiff's counsel, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

      1.      The identification number of each such account or Asset;

      2.      The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

      3.      The identification of any safe deposit box, commercial mailbox, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D.      Upon the request of Plaintiff's counsel, promptly provide Plaintiff's counsel with copies of all records or other Documents pertaining to any account or Asset covered by this Section, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mailboxes, and storage facilities.

Provided, however, that this Section does not prohibit repatriation of foreign Assets specifically required by this order.

## VI.    FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to Plaintiff's counsel:

A.      completed financial statements on the forms appended to this Order as **Attachment B** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment C** (Financial Statement of Corporate Defendant) for the Corporate Defendant;

B.      a full accounting, verified under oath and accurate as of the date of this order, of:

1.      each good or service marketed, advertised, promoted, offered for sale, sold, or distributed by or on behalf of the responding Defendant since January 1, 2020, including a brief description of each good or service and its name;

2.      gross revenues and net profits (in U.S. dollars) obtained by the responding Defendant from the marketing, advertising, sale, or distribution of each good or service identified in response to Section VI.C.1 of this Order from

13

the inception of the marketing, advertising, or sale through the entry of this Order; and

3. the name, address, telephone number, email address, and contact person (when applicable) for each entity or person who (i) supplied, manufactured, formulated, or created each good or service identified in response to Section VI.C.1 of this Order; (ii) marketed, advertised, sold, or distributed each good or service identified in response to Section VI.C.1 of this Order; (iii) received payment for disseminating or publishing, or assisting in the dissemination or publication, of advertisements for each good or service identified Section VI.C.1 of this Order, including those advertisements disseminated through Telemarketing; and (iv) paid, directly or indirectly, for each good or service identified in response to Section VI.C.1 of this Order, including the amount paid by the person or entity and the name of the good or service purchased.

## VII.   FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, each Defendant shall:

A.   Provide Plaintiff's counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.      Take all steps necessary to provide Plaintiff's counsel access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D**.

C.      Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D.      The same business day as any repatriation, (1) notify counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VIII.   NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.      Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

15

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## IX.    CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## X.     PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.      Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## XI.    REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XII.    IMMEDIATE PRODUCTION OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that Defendants allow Plaintiff, through its employees and agents, access to Defendants' business records so that Plaintiff may inspect, inventory, and copy Documents in preparation for the preliminary injunction hearing and identify and locate assets.

Within five (5) days of receiving notice of this Order, Defendants must produce to the Plaintiff for inspection, inventory, and copying, at a location designated by Plaintiff, the following Documents or information:

A.    All customer databases maintained by or for the benefit of any of the Defendants related to the sale of any business or money-making opportunity, including marketing packages and other related goods or services;

B.    Documents sufficient to identify all customers who paid any Defendant for any business or money-making opportunity, including marketing packages and other related goods or

services, and providing customer names, phone numbers, addresses, email addresses, payment amounts, and payment methods;

     C.    All contracts reflecting customer purchases of any business or money-making opportunity, including marketing packages and other related goods and services, from any of the Defendants;

     D.    All contracts reflecting termination of purchases of any business or money-making opportunity, including marketing packages and other related goods and services, offered by any of the Defendants;

     E.    An electronic copy of each:

         1.    advertisement, including videos disseminated online or other mediums, used by any of the Defendants to promote and sell any business or money-making opportunity, including marketing packages and other related goods or services; and

         2.    webpage or website used by any of the Defendants to promote and sell any business or money-making opportunity, including marketing packages and other related goods or services;

     F.    All scripts used by any of the Defendants in the advertising, marketing, or sale of any business or money-making opportunity, including marketing packages and other related goods or services;

     G.    All Documents that substantiate claims made about commissions or earnings during the advertisement, marketing, or sale of any business or money-making opportunity, including marketing packages and other related goods or services, offered by any Defendant;

H.    All Documents relating to commissions paid to customers who paid any Defendant for any business or money-making opportunity, including marketing packages and other related goods or services;

I.    All video or audio recordings of telephone calls or other communications related to the advertising, marketing, or sale of any business or money-making opportunity, including marketing packages and other related goods or services, by any Defendant;

J.    All complaints from customers who purchased any business or money-making opportunity, including marketing packages and other related goods or services, from any Defendant;

K.    All complaints from customers who received goods or services, including marketing packages, related to any business or money-making opportunity from any Defendant;

L.    All Documents relating to any earnings disclaimer or disclosure used in the advertising, marketing, or sale of any business or money-making opportunity offered by any Defendant, including Documents reflecting underlying data used to support or draft any such disclaimer or disclosure;

M.    All Documents relating to refund policies applicable to the sale of business or money-making opportunities by any Defendant, including the number or people who requested refunds, the number of people who received refunds, the basis for denial of refund requests, and written policies or procedures regarding refunds; and

N.    All financial records and accounting information relating to the sale of any business or money-making opportunity by any Defendant, including profit and loss statements, annual reports, receipt books, ledgers, personal and business canceled checks and check

registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and 1099 forms.

The Commission shall return materials produced under this Section within five (5) business days of completing said inventory and copying. Production of Documents under this Section shall not provide grounds for any Defendant to object to any subsequent requests for Documents served by Plaintiff under this Order or the Federal Rules of Civil Procedure.

## XIII. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, and provide Plaintiff with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone numbers, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XIV. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiff is granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3)

Documents reflecting Defendants' business transactions and operations, including Documents reflecting any substantiation for earnings claims used by any Defendant in the sale of any business or money-making opportunity; and (4) compliance with this Order.  The limited expedited discovery set forth in this Section shall proceed as follows:

A.     Plaintiff may take the deposition of parties and non-parties.  Forty-eight (48) hours' notice shall be sufficient notice for such depositions.  The limitations and conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B.     Plaintiff may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.     Plaintiff may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories;

D.     The Plaintiff may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service.

E.     Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

F.     Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local

Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

G.      The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XV.    SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, email or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate, or office of any entity shall affect service upon the entire entity.

## XVI.   CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be accomplished via email to: Connell McNulty at pmcnulty@ftc.gov and Lauren Rivard at lrivard@ftc.gov.

## XVII.  PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants shall appear before this Court on the 29th day of  December, 2023, at 10:00 a.m., in Courtroom 9B of the Byrne Courthouse, 601 Market Street, Philadelphia, Pennsylvania,  to show cause, if there is

any, why this Court should not enter a preliminary injunction, pending final ruling on the

Complaint against Defendants, enjoining the violations of the law alleged in the Complaint,

continuing the freeze of their Assets, and imposing such additional relief as may be appropriate.

### XVIII. BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that:

A.      Defendants shall file with the Court and serve on Plaintiff's counsel any

answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no

later than four (4) days prior to the order to show cause hearing scheduled pursuant to this Order.

Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with

the Court and serve the same on counsel for Defendants no later than one (1) day prior to the

order to show Cause hearing.  Provided that such affidavits, pleadings, motions, expert reports,

declarations, legal memoranda, or oppositions must be served by personal or overnight delivery,

facsimile, or email, and be received by the other party or parties no later than 5:00 p.m. EST four

days prior to the hearing date.

B.      An evidentiary hearing on Plaintiff's request for a preliminary injunction is not

necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that

raises a genuine and material factual issue.  The question of whether this Court should enter a

preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda

filed by, and oral argument of, the parties.  Live testimony shall be heard only on further order of

this Court.  Any motion to permit such testimony shall be filed with the Court and served on

counsel for the other parties at least five (5) days prior to the preliminary injunction hearing in

this matter.  Such motion shall set forth the name, address, and telephone number of each

proposed witness, a detailed summary or affidavit revealing the substance of each proposed

witness's expected testimony, and an explanation of why the taking of live testimony would be

helpful to this Court.  Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least three (3) days prior to the order to show cause hearing.

Provided, however, that service shall be performed by personal or overnight delivery, facsimile or email, and Documents shall be delivered so that they shall be received by the other parties no later than 5:00 p.m. EST four days before the hearing date.

## XIX.   DURATION OF THE ORDER

**IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2).

## XX.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED** as set forth above, this 8th day of December 2023, at 4:00 p.m.

 /s/Gerald Austin McHugh
UNITED STATES DISTRICT JUDGE

24